■ In the Matter of the Claim of NICHOLAS SOSNOVICH, Respondent, v. TREFFLICH BIRD AND ANIMAL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from awards of disability compensation. Claimant was injured when a station wagon owned by the employer and which claimant was driving struck a utility pole. Appellants contend that the board erroneously found that the injuries arose out of and in the course of claimant's employment, and urge that the injuries are the result of a deviation from his employment. Claimant was employed as a chauffeur, and his duties required him to drive a heavy truck for long distance deliveries on occasions, and to drive a station wagon for local deliveries. He had returned the day before the accident from a trip to Cincinnati, Ohio, with the heavy truck, the trip lasting from Tuesday to Sunday. On October 1, 1956, he made local deliveries with the station wagon, completing his immediate assignments at about 6:00 P.M. It was then a part of his duties to take the station wagon to a private garage near claimant's home, which was rented by the employer. It appears that claimant was required, whenever it became necessary, to make deliveries at any time, day or night, seven days per week, and the employer's station wagon was kept near his home to make it readily accessible for such purposes. On his way to the garage on the night in question, claimant testified that he stopped at a restaurant for pie and coffee, read a newspaper, and thereafter he felt sleepy and tired and slept for a time in the station wagon by the side of the road. Thereafter he resumed his journey to the employer's garage and the accident occurred. Claimant denies that he had any alcoholic beverages to drink, and says that the accident occurred about 11:00 P.M. Following the accident claimant was taken to a hospital by ambulance, and the hospital records contain statements such as, "He had been drinking excessively previously to this", and was "Lying in bed with alcoholic odor of breath" and a part of the diagnosis was "acute alcoholism". The person or persons making such entries in the hospital record were not called as witnesses. Appellants did not contend before the board and do not now that the accident was due solely to intoxication. The board has expressly found that claimant was not intoxicated. There is no direct evidence of any alcoholic drinking by claimant or any direct evidence of his intoxication. Appellants concede in their brief that if claimant's only deviation was to stop for pie and coffee or to sleep beside the road, that the awards should be sustained. Their arguments seem to be, (1) that claimant's testimony is incredible as a matter of law; and (2) that the exact opposite of his testimony, i.e., that there was a wider and different variation, is established without any direct evidence by the mere falsity of claimant's testimony without any direct evidence to the contrary. In attacking the credibility of the claimant appellants rely heavily upon a notation on the hospital record which they contend establishes that claimant was admitted at 4:00 A.M. on October 2. The "Admission Record" has an isolated notation on the margin thereof "Time 4:00 A.M." There is some evidence that claimant was unconscious until sometime after he arrived at the hospital. The same record sheet records the history obviously obtained from claimant, and it is not at all clear whether the notation on the margin refers to the time the document was being prepared or to the time of admission. Moreover, the hospital sheet labeled "Admission — Emergency Service" following the printed words date and time, has a notation "10/2/56 1:15 A.M.". The credibility of claimant's testimony and the weight to be given to it are matters exclusively within the province of the board. Upon the entire record there is substantial evidence to support the board's finding that the accident arose out of and in the course of employment. *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28) is readily distinguishable. There is no evidence in this record which would

require the board to find that the accident resulted from risks produced by the deviation, or that the injuries were the consequences of the deviation. Awards unanimously affirmed, with costs to the Workmen's Compensation Board.